Celeste WATTS, Plaintiff–Appellant,

v.

SERVICES FOR the UNDERSERVED, Defendant–Appellee.

No. 07–2730–cv.

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

Celeste Watts, Brooklyn, NY, pro se appellant.

Lauren Brody, Manatt, Phelps & Phillips, LLP, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges and EDWARD R. KORMAN, District Judge.[*]

## SUMMARY ORDER

Plaintiff Celeste Watts appeals a June 8, 2007 judgment of the District Court dismissing her complaint pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff had alleged that her employer, Services for the Underserved, discriminated against her on the basis of her race and religion in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000–2 *et seq.* We assume the parties' familiarity with the facts and procedural history of this case.

"We review a district court's dismissal for failure to comply with Rule 8(a) for abuse of discretion." *Boykin v. KeyCorp,* 521 F.3d 202, 212 (2d Cir.2008); *cf. Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (citations and internal quotation marks omitted)).

In a Memorandum and Order dated June 6, 2007, the District Court concluded that plaintiff's allegations were "wholly unsupported," *Watts v. Servs. for the Underserved,* No. 06–CV–2156, 2007 WL 1651852, at *3–4, 2007 U.S. Dist. LEXIS 41209, at *10 (E.D.N.Y. June 6, 2007), and did not provide "sufficient notice of [the] claim and the grounds upon which it rests," in violation of Rule 8(a), *id.* at *2–3, 2007 U.S. Dist. LEXIS 41209, at *7. In her complaint, which was submitted on a prepared form, plaintiff alleged that her manager transferred and demoted her on August 30, 2004 in violation of Title VII. The complaint further states that the alleged discrimination, which is based on plaintiff's race and religion, is ongoing. Therefore, the record cannot support the District Court's assessment that the allegations in the complaint were "wholly unsupported." *Watts,* 2007 WL 1651852, at *4, 2007 U.S. Dist. LEXIS 41209, at *10.

Applying the notice pleading standard of Rule 8, the District Court ruled that plaintiff's complaint did not provide "a short and plain statement of the claim

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), because (1) plaintiff had not alleged that she was adversely affected by defendant's decision to reassign her, and (2) plaintiff did not allege her religion or the religion and race of her former colleagues and supervisors, *Watts*, 2007 WL 1651852, at *3–4, 2007 U.S. Dist. LEXIS 41209, at *10–11. The record contradicts the District Court's first conclusion because plaintiff specifically alleged in her complaint that she had received a "demotion." In addition, it was legally erroneous at the pleadings stage to credit a letter submitted by defendant stating that plaintiff maintained the same work schedule and title after her transfer. *See Boykin*, 521 F.3d at 212 (distinguishing evidentiary requirements from pleading requirements). Regarding the District Court's second conclusion, we are mindful that, as the Supreme Court has recently explained, "[a] document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citations and internal quotation marks omitted). Under these circumstances—where the ground for dismissal is quite narrow and the plaintiff appears *pro se*—it was error to enter judgment just two days after dismissing the complaint, rather than permitting plaintiff at least one chance to cure a pleading defect. *See Boykin*, 521 F.3d at 216 ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

## CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND** for further proceedings consistent with this opinion.